**In re William J. RIELLY.**

**In re E. H. WALTON.**

Court of Appeals of Kentucky.

Dec. 13, 1957.

Rehearing Denied March 21, 1958.

Orie S. Ware, Covington, for respondents.

Jo Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for State Board of Bar Com'rs.

PER CURIAM.

The Board of Bar Commissioners has recommended that William J. Rielly and E. H. Walton be suspended from the practice of law for a period of one year, as a disciplinary penalty for alleged improper solicitation of the employment of Rielly as attorney for the executors of the will of William G. Walker, deceased.

The will named, as coexecutors, the Peoples Liberty Bank and Trust Company of Covington and Miss Gertrude A. Rueter (who had been the testator's secretary for many years). Rielly's father had drawn the will, and after his father's death Rielly drew several codicils for the testator. Some of Mr. Walker's assets had been placed by him in a living trust, with the Central Trust Company, and Rielly was acting as attorney for the trust at the time of Walker's death.

Rielly was informed of Walker's death by an officer of the trust company, who was concerned that there would be some problems of trust administration that might have to be integrated with the administration of the estate. Rielly then got in touch with the bank, and was informed that the bank had a long standing custom, whenever it was named as an executor, of employing as attorney the lawyer who had drawn the will, and that the bank desired and intended to employ Rielly but that Miss Rueter and the principal beneficiary of the will had stated their intention to employ a different attorney. Rielly asked the bank whether there would be any objection to his talking with Miss Rueter and the beneficiary concerning his employment as attorney, and was told that the bank had no objection.

Rielly talked with Miss Rueter and the beneficiary, in his office, and found them

unresponsive to the suggestion that he serve as attorney for the estate. Rielly practiced almost exclusively in Cincinnati, and some question was raised at the meeting concerning his lack of experience in Kentucky probate practice. Rielly then made an arrangement with E. H. Walton, an attorney of Covington, to assist him in further negotiations with Miss Rueter.

Rielly and Walton thereafter made several telephone calls to Miss Rueter, and one unsuccessful attempt to see her personally at her home. At least one of the calls was for the purpose of attempting to convince Miss Rueter that she was wrong in her belief that the testator had told Rielly, at the time the last codicil was drawn, that he did not want Rielly as attorney for his estate.

There followed a meeting in the office of the county judge, at which the president of the bank, Miss Rueter, the attorney selected by her, and Mr. Walton were present. At this meeting the bank president stated that the bank had never varied from its policy of employing the attorney who had drawn the will. The judge stated that the parties would have to settle among themselves the controversy over employment of an attorney.

Subsequently, an agreement was made by which Rielly and the attorney selected by Miss Rueter were to serve jointly as attorneys for the estate. This agreement was carried out and the estate was settled expeditiously and competently. The two attorneys shared a fee of two percent, conceded to be very reasonable.

After the settlement of the estate Miss Rueter filed with the Kentucky State Bar Association a charge of improper solicitation against Rielly and Walton. She also filed a similar charge against Rielly alone with the Cincinnati Bar Association. The latter association exonerated Rielly of any wrongdoing. The trial committee of the Kentucky Bar Association, hearing the case on the record made before the Cincinnati Bar Association, made a report recommending disciplinary action.

The trial committee seemed to be under the impression that the bank and Miss Rueter had agreed to the employment of another attorney, before Rielly raised the question of his being employed. However, as we read the record, the bank from the very outset had asserted its long standing policy to employ the attorney who had drawn the will, and its intention to abide by the policy. Accordingly, Rielly was not in the position of seeking to oust an attorney already agreed upon by the two joint executors, but of protecting his selection by the bank and preventing his own ouster by Miss Rueter. It is not, therefore, a case of outright solicitation of employment.

Rielly and Walton deserve criticism for their persistence in importuning Miss Rueter to agree to Rielly's employment as sole attorney for the estate. Rielly did not stay within the nice limits of propriety in seeking Walton's assistance in his negotiations with Miss Rueter, and his choice of Walton was particularly unwise because Walton had offices next door to a private law office maintained by the county judge, thus furnishing basis for a suspicion that Walton might have been chosen with the hope of gaining some advantage from his personal associations with the judge. Walton properly should not have agreed to give his assistance and participation, and he committed a violation of ethics in suggesting to Miss Rueter, in a telephone call, that if he and Rielly were employed they would protect her interests in a dispute between her and the bank over the proper division of the executors' fees. However, a factor to be considered in evaluating the conduct of Rielly and Walton is that Miss Rueter was a forceful and aggressive person, with business experience, and the actions of Rielly and Walton were in the nature of efforts to make a business arrangement at arms length, rather than attempts to exert influence upon a susceptible, inexperienced prospect for a client.

We believe that the conduct of Rielly and Walton, although not conforming to the highest standards of professional ethics, does not warrant suspension. However, it does require a reprimand.

The respondents hereby are reprimanded and will be required to pay the costs of this proceeding, including, in accordance with RCA 3.340 and 3.520, only a reasonably apportioned part of the expense of any meeting of the Board of Bar Commissioners at which the report of the trial committee was considered and acted upon.

BIRD and MILLIKEN, JJ., dissent, believing that no reprimand is warranted.